8:07-cv-04083-HFF     Date Filed 02/23/09    Entry Number 24     Page 1 of 5



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| TERESA GASSAWAY,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 8:07-4083-HFF-BHH |
| | § | |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br>　　　　Defendant. | §<br>§<br>§ | |

## ORDER

### I.　INTRODUCTION

This case was filed pursuant to 42 U.S.C. § 405(g) of the Social Security Act to obtain judicial review of a final decision of Defendant denying Plaintiff's claim for disability insurance benefits. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the decision of Defendant be affirmed because it is supported by substantial evidence. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 18, 2008, and Plaintiff filed her objections to the Report on January 8, 2009. These objections correspond to the three primary arguments asserted by Plaintiff in her brief and each will be discussed in turn.

## II.   STANDARD OF REVIEW

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (citations omitted).

## III.  DISCUSSION OF OBJECTIONS

### A.    *Failure to Consider Combined Effects of Plaintiff's Impairments*

Plaintiff's first set of objections relate to the Magistrate Judge's conclusion that the administrative law judge (ALJ) complied with his duty to consider the combined effects of all of Plaintiff's impairments.

Specifically, Plaintiff focuses on her diagnosis of chronic fatigue syndrome by Dr. Patel, and the ALJ's alleged failure to adequately consider the possibility that Plaintiff might be disabled as a result of that condition. Although it is true that the ALJ's decision fails to mention Dr. Patel's diagnosis of chronic fatigue syndrome, the ALJ did discuss Plaintiff's September 2001 visit to Dr. Patel on several occasions (R. 22, 23), noting explicitly that Dr. Patel saw Plaintiff for "fatigue." (R. 22.) Furthermore, as discussed in detail in the Report, the ALJ discounted the opinion of Dr. Patel because he rendered an opinion for Plaintiff after having not treated Plaintiff for three years. (R. 24-25.) In short, the Court finds Plaintiff's attempt to construct an entitlement to disability benefits due to chronic fatigue syndrome to be without merit.

### B.     *Failure to Properly Consider the Effects of Plaintiff's Obesity*

In her objections, Plaintiff maintains her argument that the ALJ failed to properly consider Plaintiff's obesity and how that obesity may have increased the severity of Plaintiff's other conditions. As discussed in detail in the Report, Plaintiff's argument lacks foundation. In addition to those references to Plaintiff's obesity cited in the Report, the ALJ concluded his lengthy discussion of Plaintiff's functional capacity by noting that "I find that the medical and other evidence establishes that the claimants impairments, *including morbid obesity,* are capable of producing pain and limitations, but her allegations of the intensity, persistence and functionally limiting effects of her symptoms are not substantiated by the objective medical or other evidence . . . ." (R. 31.) This finding is supported by substantial evidence and Plaintiff's objections to the contrary are without merit.

*C.     Failure to Comply with Prior Instructions of the Appeals Council*

As in her brief, Plaintiff maintains that the ALJ failed to examine the quality or quantity of Plaintiff's activities as mandated by the Appeals Council's remand order.  That Order, dated July 22, 2006, and issued after the first hearing decision, states,

> None of the evidence the decision cites gives any useful information on what fraction of the day the claimant spends showering, dressing, etc.  The decision does not give reasons for believing that what it refers to as a "wide range of daily activities" are things she does for more than brief periods.  The decision is well enough supported for its conclusion that the claimant is capable of "some housework."  But it set out no substantially supported basis for concluding that the claimant's cited activities are equivalent to or "consistent with" the demands of competitive work.

(R. at 64-65.)

Having carefully reviewed the hearing decision, the Court finds that the ALJ did comply with the mandate of the Appeals Council.  For example, the decision explains that Plaintiff is the primary caregiver of her two-and-one-half-year-old daughter.  Plaintiff gets her child up, feeds and dresses her, and takes her out to play.  (R. at 29.)  Although Plaintiff's parents take care of the child "45%" of the time, the ALJ made the insightful observation that Plaintiff must be doing a substantial amount in connection with the child because her father works during the day and her mother is disabled.  (R. at 29.)  The decision also cites several medical opinions, including that of Dr. Mourtada, discussed at the top of page ten of the decision, as evidence that Plaintiff experiences few if any significant physical impairments.  (R. 27.)  Furthermore, as noted in the Report, the Appeals Counsel itself must have been satisfied with the ALJ's decision because it denied Plaintiff's request for review.  (R. at 6-8.)  Based on this and the other considerations outlined in the Report, the Court

4

finds that the ALJ complied with the Appeals Council's remand order. Plaintiff's objections to the contrary are without merit.

**IV.    CONCLUSION**

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the decision of Defendant be **AFFIRMED** because it is supported by substantial evidence.

**IT IS SO ORDERED**.

Signed this 23rd day of February, 2009, in Spartanburg, South Carolina.

<div style="text-align: right;">

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT
JUDGE

</div>